**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ALCIDES DONALDO MARTINEZ,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

        Plaintiffs,

        v.

KING UMBERTO, INC.,
ROSARIO FUSCHETTO, and
PIETRO FUSCHETTO,

        Defendants.

---

Case No.: 21-cv-04140

**FIRST AMENDED CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

**Jury Trial Demanded**

        Plaintiff ALCIDES DONALDO MARTINEZ ("Plaintiff MARTINEZ" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants KING UMBERTO, INC. ("Corporate Defendant"), ROSARIO FUSCHETTO, and PIETRO FUSCHETTO ("Individual Defendants," collectively with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

        1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid

wages due to an invalid tip credit, (2) unpaid wages, including overtime, due a fixed salary, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to an invalid tip credit, (2) unpaid wages, including overtime, due to a fixed salary, (3) liquidated damages, (4) statutory penalties, and (5) attorneys' fees and costs.

3.      Plaintiff additionally alleges for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4.      The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court."  26 U.S.C. § 7434(d)

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District and because Plaintiff's principal place of business is in this District.

## PARTIES

7.      Plaintiff MARTINEZ is a resident of Nassau County, New York.

8.      Corporate Defendant KING UMBERTO, INC. is an Italian restaurant with a principal place of business at 1343 Hempstead Turnpike, Elmont, NY 11003 and address for service of process at 1339 Hempstead Turnpike, Elmont, NY 11003.

9.      Individual Defendant ROSARIO FUSCHETTO is the President and owner of KING UMBERTO, INC. Defendant ROSARIO FUSCHETTO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. ROSARIO FUSCHETTO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employees work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant ROSARIO FUSCHETTO directly regarding any of the terms of their employment, and Defendant ROSARIO FUSCHETTO had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

10.     Individual Defendant PIETRO FUSCHETTO is the Chief Executive Officer of KING UMBERTO, INC. Defendant PIETRO FUSCHETTO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. PIETRO FUSCHETTO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employees work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant PIETRO FUSCHETTO directly regarding any of the terms of their employment, and Defendant PIETRO FUSCHETTO had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11.     Furthermore, Plaintiff alleges that both Individual Defendants ROSARIO FUSCHETTO and PIETRO FUSCHETTO are owners and managers of the KING UMBERTO, and that he has had frequent interactions with both Individual Defendants. In fact, Individual Defendant ROSARIO FUSCHETTO hired Plaintiff. Plaintiff further alleges that he saw both ROSARIO FUSCHETTO and

PIETRO FUSCHETTO at KING UMBERTO frequently instructing and managing employees. Both of them reprimand employees and sets the employee work policies. Plaintiff has also observed both ROSARIO FUSCHETTO and PIETRO FUSCHETTO terminating employees when their performance was poor. *See also*, **EXHIBIT A- Liquor License of KING UMBERTO INC.**, which lists ROSARIO FUSCHETTO as a principal, and **EXHIBIT A – Corporate Entity Info of KING UMBERTO INC.**, which lists PIETRO FUSCHETTO as the CEO.

12.     At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiff and Class Members were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including waiters, servers, hosts, busboys, food runners, bartenders, barbacks, porters, cooks, line cooks, food preparers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

15.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay proper wages, including overtime, due to a fixed salary. A subclass of tipped employees has a claim for unpaid wages. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

16.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt (including waiters, servers, hosts, busboys, food runners, bartenders, barbacks, porters, cooks, line cooks, food preparers) employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18.    All said persons, including Plaintiff, are referred to herein as the "Class". The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19.    The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff is a member of both the Class and the Tipped Subclass.

20.    Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper wages, including overtime, due to a fixed salary, (ii) failing to provide Class Members with proper wage statements with every payment of wages, and (iii) failing to

properly provide wage notices to Class Members, at date of hiring and annually, per requirements of the NYLL.

21.    With regard to Plaintiff and the Tipped Subclass, Defendants also failed to pay them their proper wages as Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiff and the Tipped Subclass suffered from Defendants' failure to pay wages due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek, and (iii) failed to accurately keep track of daily tips earned and maintain records thereof.

22.    Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.    Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

24.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members

to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class Members;

c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class Members for their work;

d. Whether Defendants properly notified Plaintiff and the Class Members of their hourly rates and overtime rates;

e.   Whether Defendants paid Plaintiff and Class Members the proper overtime compensation under the NYLL;

f.   Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

g.   Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

h.   Whether Defendants caused tipped employees to engage in non-tipped duties exceeding twenty percent (20%) of each workweek;

i.   Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

j.   Whether Defendants paid Plaintiff and Class Members the proper wage for all hours worked;

k.   Whether Defendants properly compensated Plaintiff and Class Members their proper overtime under NYLL;

a.   Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period, and (ii) all non-exempt employees of information required to be provided on wage statements under the NYLL; and

b.   Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL.

## STATEMENT OF FACTS

27.     Plaintiff MARTINEZ worked for Defendants beginning in or about February 20, 2004 until he was terminated in or about March 13, 2021. Plaintiff was fired and re-hired a total of three (3) times during his employment with Defendants.

28.     From the start of his employment until in or around January 1, 2006, Plaintiff worked as a busboy and a runner. Plaintiff worked five (5) to six (6) days a week for approximately forty (40) to fifty (50) hours per week. From the start of his employment until in or around January 1, 2006, Plaintiff was paid the tipped credit minimum wage, which was below the minimum wage.

29.     From in or around January 2006 to in or around September 2018, Plaintiff worked as a server. Plaintiff worked five (5) days a week for approximately forty-five (45) hours a week. From in or around January 2006 to in or around September 2018, Plaintiff was paid the tipped credit minimum wage, which was below the minimum wage.

30.     From in or around September 2018 to the end of Plaintiff's employment, Plaintiff was promoted to "manager." As a purported "manager", Plaintiff worked six (6) days a week for approximately fifty (50) hours per week.

31.     As a "manager," Plaintiff was paid at both at an hourly rate and also at a fixed salary.

32.     From in or around September 2018 to in or around June 2020, Plaintiff was paid a fixed salary of one thousand one hundred seventy-six dollars ($1,176) per week, regardless of how many hours he worked each workweek. Plaintiff was paid eight hundred twenty-five dollars ($825) per week by check and the remainder in cash. As a result, Defendants knowingly and willfully failed to deduct taxes from the cash portion of Plaintiff's wages. Therefore, Defendants violated 26 U.S.C. § 7434 by willfully filing a fraudulent information return.

33.     From in or around June 2020 to in or around January 2021, Plaintiff was paid at a tipped rate of eight dollars and sixty-five cents ($8.65) per hour. From in or around January 2021 to in or around end of his employment, Plaintiff was paid at a tipped rate of nine dollars and thirty-five cent ($9.35) per hour which was below the minimum wage.

34.     With respect to Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them in violation of the FLSA; (iii) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (iv) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek in violation of the FLSA and NYLL, and (v) failed

9

to accurately track daily tips earned or maintain records thereof, (vi) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, in violation of the NYLL.

35.     During Plaintiff's employment with Defendants, when he was compensated at a tipped credit rate from the start of his employment to in or around September 2018, he was required to roll up napkins/forks, sweep/mop the entire restaurant, dishwash, restock the station, polish silver and glassware, clean all doors and windows. Even though Defendants required tipped employees to engage in non-tipped manual labor activities for hours exceeding twenty percent (20%) of the total hours worked daily, Defendants improperly claimed tip credit for <u>all</u> hours worked by tipped employees. Similarly, a tipped subclass of FLSA Collective Plaintiffs and the Tipped Subclass suffered from a minimum wage violation.

36.     From in around September 3, 2018 to March 2, 2021, Plaintiff was not paid his full wages, including overtime, due to a fixed salary. As a manager, Plaintiff was paid a fixed salary despite there never being any agreement that this fixed salary would cover overtime hours over forty (40). Plaintiff also continued spending ninety-five percent (95%) of his time performing regular server duties. Therefore, Defendants knowingly and willfully withheld Plaintiff's and other employees' lawful wages for overtime hours worked under the FLSA or NYLL.

37.     As a manager, Plaintiff ordinarily worked approximately six (6) hours of overtime per week.  But due to Defendants deliberately not agreeing with Plaintiff to pay overtime under the fixed salary, Plaintiff was not properly paid for all hours worked.

38.     Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs and Class Members for all hours, including overtime. As mentioned above, this included Defendants deliberately not paying wages, including overtime, to Plaintiff and other employees due to a fixed salary when they knew that such wages were due.

39.     Defendants knowingly and willfully operated their business with a policy of not paying proper wages to Plaintiff, FLSA Collective Plaintiffs and Class Members. Defendants knew that the FLSA and NYLL required tip credit notice and knew that as a runner, busser, and service Plaintiff and others similarly positioned were performing non-tipped activities duties for hours exceeding twenty percent (20%)

of the total hours worked each workweek. Therefore, Defendants were not entitled to claim any tip credits under FLSA or NYLL.

40.    Plaintiff and Class Members would be paid partially in cash and were not given proper wage statements when they received pay.

41.    As a result of Defendants paying Plaintiff and Class Members in cash, Defendants failed to withhold any of Plaintiff's and Class Members' wages for tax purposes.

42.    Defendants further failed to provide Plaintiff and Class Members with accurate W-2 tax statements for each tax year during which Plaintiff worked.

43.    Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiff's and Class Members' earnings and to provide Plaintiff and Class Members with accurate W-2 tax statements for each tax year during which Plaintiff and Class Members worked.

44.    Defendants had a legal obligation to file accurate tax statements with the IRS. Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

45.    Defendants had a policy of never paying spread of hours payments when employees had workdays exceeding ten (10) hours. Plaintiff and Class Members are owed spread payment for every workday where their beginning and end time exceeded ten (10) hours, which typically occurred at least twice per week.

46.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. As wage statements are not proper because, as mentioned above there was an invalid tip credit and because they do not reflect wages for all hours worked due to a fixed salary.

47.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL. Plaintiff alleges that he has not received any wage notices.

48.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

49.     Plaintiff realleges and reavers Paragraph 1 through 48 of this First Amended Class and Collective Complaint as if fully set forth herein.

50.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

52.     At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

53.     Defendants were also not entitled to claim any tip credits under the FLSA. Under the FLSA, to take the tip credit toward its minimum wage obligation, the employer must (1) provide a tipped employee with notice of the provisions of 29 U.S.C. § 203(m), and (2) allow that employee to retain all tips they receive. See 29 U.S.C. § 203(m)(2)(A) (effective Dec. 14, 2014 to Mar. 22, 2018) ("The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee . . . ."); 29 U.S.C. § 203(m) (effective Dec. 14, 2014 to Mar. 22, 2018) (same). Defendants failed to meet these requirements, and thus claimed an invalid tip credit against Plaintiff and FLSA Collective Plaintiffs.

54.     At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at that statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek due to a fixed salary.

55.     Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

56.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this First Amended Class and Collective Action Complaint to set forth the precise amount due.

57.     Defendants knew of, and/or showed a willful disregard for, the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at overtime rates for overtime hours worked, when Defendants knew or should have known such was due.

58.     Defendants failed to properly apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

59.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

60.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to fixed salary, unpaid wages due to an invalid tip credit, plus an equal amount as liquidated damages.

61.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

62.     Plaintiff realleges and reavers Paragraph 1 through 61 of this First Amended Class and Collective Action Complaint as if fully set forth herein.

63.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

64.     Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing them their full wages due to an invalid tip credit.

65.     Defendants willfully violated Plaintiff and Class Members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to a fixed salary.

66.     Defendants failed to properly notify employees of their overtime rate, in direct violation of the NYLL .

67.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. As a manager, Plaintiff and Class Members wage statements did not correctly reflect all hours worked due to being paid a fixed salary.

68.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

69.     Defendants knowingly and willfully failed to provide proper wage and hour notices to employees pursuant to the requirements of the NYLL. The WTPA states that "the employer has the burden of proving compliance with the notification provisions of this section." 12 N.Y.C.R.R. § 146-2.2(d).

70.     Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages due to an invalid tip credit, unpaid wages, including overtime, due to a fixed salary, liquidated damages, statutory penalties and attorneys' fees and costs.

### <u>COUNT III</u>

**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)**

71. Plaintiffs reallege and reaver Paragraphs 1 through 70 of this First Amended Class and Collective Action Complaint as if fully set forth herein.

72. By failing to provide Plaintiff, FLSA Collective Plaintiffs and Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiff and Class Members as compensation for all of the work Plaintiff, FLSA Collective Plaintiff and Class Members performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

73. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

74. The relevant regulations, as set forth in 26 C.F.R. § 601.401, provide that "[e]mployee tax must be deducted and withheld by employers from 'wages' or 'compensation' . . . paid to employees, and the employer is liable for the employee tax whether or not it is so deducted." *Pacheco,* 2019 U.S. Dist. LEXIS 90725, at *7 (citing § 601.401(a)(3)). Defendants knowingly filed false information returns on the IRS Form 941, which is the form used to file an employer's quarterly federal tax return. *See Pacheco,* 2019 U.S. Dist. LEXIS 90725, at *8

75. Defendants knowingly and willfully paid Plaintiff in check and cash to pay Plaintiff his taxes. Here when Plaintiff worked as fixed salary manager he was paid in check and cash. Plaintiff was deducted for taxes when he was paid in check as a fixed salary manager. However, the amount paid (eight hundred twenty-five dollars ($825)) is less then what plaintiff alleges he was paid as a fixed salary manager (one hundred seventy-six dollars ($1,176)). Therefore, Defendants failed to pay taxes for Plaintiff's full wages in violation of 26 U.S.C. § 7434. *See* **EXHIBIT B – Plaintiff Paystub as a Fixed Salary Manager**.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.  An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them prohibiting them from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of minimum unpaid wages due under the FLSA and the NYLL;

d.  An award of unpaid overtime compensation;

e.  An award of statutory damages as a result of Defendants' failure to comply with the Internal Revenue Code tax filing requirements;

f.  Cost attributable to resolving deficiencies;

g.  Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

h.  That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

i.  An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

j.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

k.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

l.  An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

m.  Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

n.   Designation of this action as a class action pursuant to F.R.C.P. 23;

o.   Designation of Plaintiff as Representatives of the Class; and

p.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October , 2021                          Respectfully submitted,

By:      */s/ C.K. Lee*
         C.K. Lee (CL 4086)

         LEE LITIGATION GROUP, PLLC
         C.K. Lee (CL 4086)
         Anne Seelig (AS 1976)
         148 West 24th Street, Eighth Floor
         New York, NY 10011
         Tel.: 212-465-1188
         Fax: 212-465-1181
         *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

17